UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>and<br><br>NEW YORK PARTY SHUTTLE, LLC,<br><br>Respondent,<br><br>BANK OF AMERICA, WELLS FARGO, and CITIBANK, NA,<br><br>Garnishees. | Misc. No. |

NATIONAL LABOR RELATIONS BOARD'S MEMORANDUM IN
SUPPORT OF ITS *EX PARTE* APPLICATION FOR PREJUDGMENT
WRIT OF GARNISHMENT AND PROTECTIVE RESTRAINING ORDER

The National Labor Relations Board ("the Board"), an independent agency of the United States Government, respectfully submits this Memorandum of Law in support of its Application pursuant to the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3011, 3013, 3101, and 3104, for a prejudgment Writ of Garnishment against Garnishees Bank of America, Wells Fargo, and Citibank, NA, (collectively, "the Garnishees"), and for a Protective Restraining Order ("PRO") against Respondent New York Party Shuttle, LLC ("NYPS").

I.     FACTUAL BACKGROUND

As set forth in the accompanying Application and supporting Affidavits, on May 2, 2013, the Board issued a Decision and Order ("Board Order," reported at 359 NLRB No. 112), finding that NYPS had unlawfully terminated the employment of employee Fred

Pflantzer because of his union activity and to discourage union activity and other protected concerted activity. The Board Order requires NYPS, among other things, to offer Pflantzer reinstatement to his former job and to make Pflantzer whole for any loss of earnings and benefits. [Application, para. 1[1]].

On May 30, 2013, NYPS petitioned for review of this order in the United States Court of Appeals for the Fifth Circuit. On November 19, 2013, following the unexcused failure of NYPS to timely file its opening brief, the Circuit Court issued a default judgment (Judgment, Case No. 13-60364) enforcing the Board Order in full. No timely petition for certiorari was filed. On February 29, 2016, the Board's Region Two (the "Region") issued a Compliance Specification setting forth the amounts that Respondent owes unit employee Pflantzer and the method used to compute the backpay owed to Pflantzer. If contested, these amounts will be litigated in a separate proceeding before an administrative law judge, whose decision is subject to review by the Board, and then by the United States Court of Appeals. The amounts due include $68,071.00 in backpay, plus interest compounded daily in the amount of $3,915.00, plus $7,399.00 in excess tax liability plus interest through February 29, 2016, for a total amount of $79,385.00. [Application, para. 2(a)-(c)]. Additionally pursuant to 28 U.S.C. § 3011, the Board is entitled to recover a surcharge equal to 10% of the backpay, benefits and interest owed, *i.e.*, $7,938.00. Therefore, the amount for which the Board seeks protection in this action totals $87,323.00.

As is delineated in further detail in the Application and supporting Affidavit, NYPS has yet to provide Pflanzter a legitimate offer of reinstatement as required by the

---

[1] References to paragraphs in the Board's Application include any citations to affidavits and/or exhibits contained therein.

2

Board's Court enforced Order. Additionally, the Board has reasonable cause to believe that NYPS may have insufficient funds to satisfy its backpay obligation. [Application para. 3(b)]. Moreover, despite evidence to the contrary, NYPS has indicated that it ceased operations in the New York area. [Application para. 3(e)-(h)]. Additionally, NYPS refused to provide the Board with written assurances that it will segregate and maintain sufficient assets with which to satisfy its obligations pursuant to the Board's Order. [Application, para. 3(f)]. Finally, it has attempted to thwart and to interfere wth the Board's legitimate investigation into whether there exist entities that may be held to be derivatively liable for NYPS monetary obligations. [Application, para. 3(d)(1)-(6)].

## II. JURISDICTION

The Board is an agency of the U.S. government and as such this Court has jurisdiction over any action or proceeding commenced by the Board. 28 U.S.C. § 1345.

As for personal jurisdiction, the FDCPA provides for nationwide service of process. 28 U.S.C. § 3004(b)(1)(A). *Reese Bros., Inc. v. U.S. Postal Service*, 477 F.Supp. 2d 31, 39 (D.D.C. 2007). Thus, the FDCPA provides this Court with national jurisdiction so long as the defendant/respondent "has sufficient minimum contacts *with the United States* so as not to violate 'traditional notions of fair play and substantial justice.'" *Id.*, citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (emphasis added). *See also Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 104 F. Supp. 2d 279, 282 (S.D.N.Y 2000); *U.S. v. Rogan*, 2008 WL 4853478, slip op. at 2 (N.D. Ill. 2008); *U.S. v. Sutton*, 2005 WL 281162, slip op. at 1 (D. Conn. 2005); *U.S. v. Famous Artists Corp.*, 1996 WL 114932, slip op. at 4 (E.D. Pa. 1996). Moreover, NYPS transacts business within this judicial district, and did so at all material times in this

matter. Additionally, this Court previously ruled on several subpoena enforcement applications involving NYPS as part of the same underlying case.

## III. ARGUMENT

### A. APPLICATION OF THE FEDERAL DEBT COLLECTION PROCEDURES ACT PERMITS PREJUDGMENT RELIEF IN THIS MATTER

If contested, the Board's monetary claims against NYPS will be liquidated in an administrative evidentiary compliance hearing before an administrative law judge, whose determination is subject to review by the Board and by the Circuit Court of Appeals. Based on Respondent's conduct to date, the Board has more than ample reason to believe that absent the requested prejudgment writ of garnishment and PRO, Respondent will thwart the Board's ability to collect on that ultimate judgment by further concealing, dissipating, disposing, or misusing its funds. In these circumstances, the FDCPA provides the Board with the tools to protect the validity of its remedies and the public interest that they embody.

#### 1. NYPS's Obligation to the Board Is a Debt Owing to the United States

"The FDCPA allows the United States to recover a judgment on a debt owed to it or to obtain a remedy in connection with such a claim before judgment on the debt. 28 U.S.C. § 3001(a)." *NLRB v. EDP Medical Computer Systems, Inc.*, 6 F.3d 951, 954 (2d Cir. 1993). The Board's efforts to collect the indebtedness owed by NYPS in this case are undertaken by the Board in its capacity as a public agent effectuating federal labor law policies. Debts owed to the Board are debts owed to the United States[2] and are therefore collectible through the procedures established by the FDCPA. *NLRB v. EDP*

---

[2] The "United States" includes, *inter alia*, "an agency, department, commission, board, or other entity of the United States[.]" 28 U.S.C. § 3002(15)(B).

4

*Medical Computer Systems, Inc.*, 6 F.3d at 954-55.  See also *F.T.C. v. National Business Consultants, Inc.*, 376 F.3d 317, 319-20 (5th Cir. 2004), *cert. denied* 544 U.S. 904 (2005); *United States v. Raymond & Whitcomb Co.*, 53 F. Supp. 2d 436, 443 (S.D.N.Y 1999); *NLRB v. Kadouri Int'l Foods, Inc.*, No. 13-MC-0251 MKB, 2013 WL 3893330, at *3 (E.D.N.Y 2013); *NLRB v. M&V Painting, Inc.*, 168 LRRM 2102 (E.D. Mich. 2001).

### 2. The Statutory Requirements of the FDCPA

The requirements the Board must satisfy in order to be entitled to a prejudgment remedy under the FDCPA are outlined in 28 U.S.C. § 3101(b).  Specifically, under 28 U.S.C. § 3101(b)(1), the Board must show reasonable cause to believe that the debtor:

> (B)  has or is about to assign, dispose, remove, conceal, ill treat, waste or destroy property with the effect of hindering, delaying or defrauding the United States.

Section 3104 of the FDCPA governs the use of prejudgment garnishment and provides, in relevant part:

> (a)  **In general.**  If the requirements of section 3101 are satisfied, a court may issue a writ of garnishment against property (excluding earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor in order to satisfy a claim for a debt.

Section 3013 of the FDCPA provides:

> **Modification or protective order; supervision of enforcement**
>
> The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order , regulating, extending, or modifying the use of any enforcement procedure under this chapter.

### 3. The Circumstances of this Case Warrant Prejudgment Relief and a Protective Restraining Order

NYPS's actions make it abundantly clear that it is evading compliance with an enforced Board order and will continue to do so without regard for the law. The Board has reasonable cause to believe that NYPS "has or is about to assign, dispose, remove, conceal, ill treat, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States." (28 U.S. C. § 3101(b)(1)(B).

As outlined in the Board's Application, NYPS has yet to comply with the Board's Court enforced Order requiring it to provide Pflantzer with a legitimate officer of reinstatement, and/or to provide Pflantzer with any backpay owed. Moreover, Respondent initially failed to comply with the Board's subpoena for payroll and other records used to determine amounts owed to Pflantzer and only did so under threat of contempt; it failed to comply with the Board's subpoena for information to assist the Board's CCSLB to determine if there exist entities who can be derivatively liable for amounts owed by NYPS, given NYPS' precarious financial condition; and it has failed to confirm or deny that its New York operations are currently ongoing, or to provide CCSLB with requested assurances that it will segregate and maintain sufficient assets with which to satisfy its backpay liability to Pflantzer. Its failure to fully comply with the Board's Order and its lack of cooperation with the Region and CCSLB all demonstrate the likelihood that if NYPS ceases business operations before the Board can obtain a final liquidated judgment against Respondent, and/or if it has already ceased business operations, it will continue to conceal its property and/or dispose of and/or dissipate its assets, thereby frustrating the Board's compliance efforts, and rendering any judgment that may enter in this matter effectively unenforceable.

As described in the Application, the Board reasonably believes it has a substantial nonexempt interest in property (excluding earnings) that is in the possession, custody, or control of the Garnishees. The Board has reason to believe that the Garnishees have possession or control of property of NYPS in the form of bank accounts. The Board does not know the current status of these account balances, but upon information and belief, based upon the evidence the Board currently has, it appears that the balances fluctuate widely and often.

In addition to prejudgment garnishment, as noted above, Section 3013 of the FDCPA grants the Court "broad discretion to     modify the use of any enforcement procedure under the FDCPA." *FTC v. National Business Consultants*, 376 F.3d at 321. This includes the entry of protective restraining orders. *See, e.g., NLRB v. Korn's Bakery, Inc., et al.*, 2006 WL 4128538, 181 LRRM 2530 (E.D.N.Y 2006); *NLRB v. Shane Steel Corp.*, 181 LRRM 3214 (E.D. Mich. 2007); *NLRB v. Nichols & Wright*, 183 LRRM 2274 (S.D. W.Va. 2007); *NLRB v. Berkley Court, Inc.*, 182 LRRM 2670 (E.D. Mich. 2006); *NLRB v. Westchester Lace*, 178 LRRM 2815 (D.N.J. 2005). To the extent that the garnishments are insufficient to cover the Board's claim, an order requiring Respondents to place into the Court's registry or the Board's escrow account an amount sufficient to cover that claim will ensure full satisfaction of the monetary amounts owed to the Board pursuant to the Court enforced Board Order.

The Board seeks additional relief, in the form of a Protective Restraining Order against Respondent, to the extent that the bank accounts subject to garnishment through this proceeding (as well as any other accounts of Respondent that the Board may subsequently discover and successfully garnish) do not contain sufficient funds to

satisfy the Board's monetary claim.[3] Thus, the Board seeks a Protective Restraining Order to supplement the Writ of Garnishment and to ensure its ability to obtain from Respondent's full compliance with its monetary obligations pursuant to an eventual liquidated judgment.

The Board seeks, through a Protective Restraining Order, among other things, a requirement that NYPS provide the Board with a list of their assets and that NYPS be precluded from, *inter alia*, selling, transferring, converting, dissipating, and/or disbursing assets without first setting aside sufficient funds to cover the monetary liability of NYPS to the Board in the amount of $87,323.00, which includes interest on the backpay amounts owed through February 29, 2016 and the 10% surcharge permitted under 28 U.S.C. § 3011. Notwithstanding such proscriptions, the Board seeks a Protective Restraining Order that would allow NYPS to expend monies on reasonably necessary business expenses, so as not to unduly burden NYPS.

### 4. Proceeding *Ex Parte* is Appropriate under the FDCPA

The FDCPA specifically contemplates that the relief sought by the Government herein should be considered by the Court and granted (assuming the Court concludes that the statutory requirements have been satisfied) on an *ex parte* basis. Notification to Respondent of the filing of the Government's Application, prior to granting of the requested relief, would undermine the effectiveness of the FDCPA by allowing debtors to conceal, alienate, dissipate, and/or secrete assets before the Court has the

---

[3] The precise amounts that will be garnished will not be known until the Garnishees file answers to the Writ of Garnishment.

opportunity to consider and act upon the Government's Application. In this regard, 28 U.S.C. § 3004(c) provides as follows:

> (C)     Notice and other process – At such time as counsel for the United States considers appropriate, but not later than the time a prejudgment or post-judgment remedy is put into effect under this chapter, counsel for the United States shall exercise reasonable diligence to serve on the debtor     the order granting such remedy and the notice required by section 3101(d) or 3202(b).

Upon issuance by the Court, the Board will promptly serve the Writ of Garnishment on NYPS and the garnishees. Moreover, Section 3101(d) provides that on the commencement by the United States of an action or proceeding to obtain a remedy under the FDCPA, the counsel for the United States shall prepare, and Clerk of the Court shall issue, notice to Respondent setting forth a description of the action and the procedures to be followed, and informing the Respondent of its right to a hearing, if it so desires, within five days of so notifying the Court. The "Clerk's Notice" will be served upon NYPS simultaneously with service of the Writ of Garnishment and the Protective Restraining Order. Through these procedures NYPS's due process rights are fully protected.

**WHEREFORE**, Petitioner respectfully requests the Court to grant the Board's Application, issue a prejudgment Writ of Garnishment against all property or moneys of Respondent NYPS held by the Garnishees Bank of America, Wells Fargo, and Citibank, NA, in an amount not to exceed $87,323.00 and enter a Protective Restraining Order requiring Respondent to deposit in the registry of the Court or the Board's escrow

account, the differential between $87,323.00 and the total amount of successfully garnished funds.

                Respectfully submitted,

                Igor Volynets
                Trial Attorney
                Tel: 202-273-1947
                Igor.Volynets@nlrb.gov

                Helene D. Lerner
                Supervisory Trial Attorney
                Tel: 202-273-3738
                Helene.Lerner@nlrb.gov
                Contempt, Compliance, and Special Litigation Branch
                Division of Legal Counsel
                National Labor Relations Board
                1015 Half St., S.E., 4th Floor
                Washington, DC 20003
                Fax: 202-273-4244

Dated at New York, NY
This 29th day of February, 2016